ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

**JUL 3 1 2000**

**Michael N. Milby, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No.: C-00-032 |
| | § | (Claim No. C99-07249) |
| ANGIE C. AGUIRRE, | § | |
| | § | |
| Defendant. | § | |

## FIRST AMENDED AFFIDAVIT OF AMOUNT DUE

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

I, M. H. CERSONSKY, being first duly sworn, state that I am the attorney for plaintiff in the above-entitled and numbered action; that the records of the Clerk of this Court show that the Summons and Complaint in this cause were duly served on Defendant on February 8, 2000, and that, although more than 20 days have passed since such service, defendant has failed to appear, plead or otherwise defend; and that to my best information and belief defendant is not an infant or incompetent person and not in the military service within the purview of the Soldier's and Sailor's Civil Relief Act of 1940 as amended.

Further: (1) the United States of America is the owner and holder of the note attached as Exhibit "A"; (2) Angie C. Aguirre signed the note. A true and correct copy of the note which forms the basis of the indebtedness due plaintiff is attached as Exhibit "A"; (3) the note is in default and (4) and the following amounts are due:

| | |
|---|---|
| Principal Balance: | $1,092.28 |
| Total Interest Accrued (As of 4/21/99) | $ 191.91 |
| Administrative Fees/Costs/Penalties | $ 6.44 |
| Attorney's Fees | $ 550.00 |
| Total Owed: | $1,540.63 |

Interest Rate: 8.00%
Daily Accrual: $0.63

12.

A true and correct copy of the certificate of indebtedness showing the amounts due and owing,

exclusive of attorney's fees as of March 21, 1997 is attached as Exhibit "B".

By:        

M. H. Cersonsky, TBA #04048500, SDT# 5082
5065 Westheimer, Suite 600
Houston, Texas 77056
Tel.  No.: (713) 840-1492
Fax No.: (713) 840-0038
**Attorney for the United States of America**


SUBSCRIBED AND SWORN TO before me on July 28, 2000, to which witness by hand and seal of office.

Notary Public, State of Texas

S K DAVIS
Notary Public State of Texas
My Commission Expires
OCTOBER 18, 2003.

ClibPDF - www.fastio.com

# GUARANTEED STUDENT LOAN PROMISSORY NOTE
## A. IMPORTANT — READ THIS INFORMATION CAREFULLY
### The terms "I" and "me" refer to the borrower.

| | |
|---|---|
| Your Name | Angie Aguirre #1 |
| Your SSN | 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 |
| Your Address | 1105 Flores St. |
| Your City/State/ZIP | Sinton, TX 78387 |

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan    c) the dollar amount of the origination fee I will pay    e) my disbursement schedule (when I will get my loan checks)
   b) the interest rate I will pay    d) the dollar amount of the guarantee fee I will pay    f) how long my grace period will be
   Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.
   I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, **Angie Aguirre** (My Name as Borrower), promise to pay to the order of **Citibank (N.Y.S.) N.A.** (Lender's Name)

**Rochester, NY** (Lender's City and State)

All of the following amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED $ 2500—

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%.
I further understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half time basis, (b) during the grace period described in Section D below, and (c) during the time my loan payments are deferred as allowed by Section F below.
3) The Guarantee Fee which is .75% per annum of the Loan Amount for the anticipated in-school period plus six months. The fee will be deducted from the initial disbursement. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive, but will, at the lender's option, be applied to my loan balance or be returned to me.
4) The Origination Fee which will be deducted from the proceeds of the loan. The fee may not exceed 5 percent of the Loan Amount. This charge is not subject to refund except for the amount attributable to any disbursement I do not receive.

## C. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT
I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).
1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of HEAF governing the GSLP. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a) The lender may require a repayment period shorter than five years to ensure that the payments of all my loans, GSL and PLUS, including those of my spouse, are at least $600.00 per annum or, the unpaid principal balance, whichever is less. These terms apply to all holders of my loans, GSL and PLUS.
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

## E. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

HEAF Form 207A, 03/84

## F. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation submission of required forms to the lender.

## G. MODIFICATION OF REPAYMENT TERMS
If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different from a Deferment (Section F) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## H. ACCELERATION & DEFAULT
If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default will also make me ineligible for the benefits described under DEFERMENT and REPAYMENT in this Promissory Note. Under HEAF regulations governing the GSLP, any of the following events is a default:
1) Failing to make any payment when due
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period
5) Not notifying the lender immediately if I (a) drop to less than a half time student, (b) change my graduation date, (c) change my name or (d) change my address
If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to HEAF. I will then be required to pay HEAF all amounts owed.

## I. CREDIT BUREAU NOTIFICATION
If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organizations.

## J. LATE CHARGES
If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

## NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

Borrower's Signature: *Angie Aguirre*     Date: 1-23-86

AGUIRRE,ANGIE,C
CLAIM NC 199305C079541 C2-02-93
SSN 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    TD 1

PLAINTIFF'S EXHIBIT A

**LENDER COPY**

# U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Angie C. Aguirre
520 Alamo St
Sinton, TX  78387-3627
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/21/99.

On or about 01/23/86 the borrower executed promissory note(s) to secure loan(s) $2500.00 from Citibank (NYS), N.A. at 8 percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and en reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $837.50 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 06/19/87 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1779.02 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 02/02/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $1431.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1092.28 |
| Interest: | $ 191.91 |
| Administrative/Collection Costs: | $ 6.44 |
| Late fees | $ 0.00 |
| Total debt as of 04/21/99: | $1290.63 |

Interest accrues on the principal shown here at the rate of $0.63 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/23/99                    Name: _____
                                        Title   Loan Analyst
                                        Branch Litigation



ClibPDF - www.fastio.com